Juan Hong (State Bar No. 234046)
Law Office of Juan Hong, A Law Corp.
4199 Campus Drive, Suite 550
Irvine, CA 92612
Phone: (949) 509-6505
Fax: (949) 335-6647
Email: jhong48@gmail.com

Attorney for Plaintiff
Min Sook Shin

United States District Court
For the Central District of California

| | |
|---|---|
| Min Sook Shin, Individually and On Behalf of All Others Similarly Situated<br><br>vs.<br><br>Umeken U.S.A., Inc., Brian Han, individually, and DOES 1 through 10.<br><br>Defendants. | Case No.<br><br>CLASS ACTION<br>**COMPLAINT FOR:**<br>(1) VIOLATION OF CAL. BUS. & PROF. CODE §17200: Unlawful Conduct<br>(2) VIOLATION OF CAL. BUS. & PROF. CODE §17200 Unfair and Fraudulent<br>(3) VIOLATION OF CAL. BUS. & PROF. CODE §17500 *et seq.*<br>(4) VIOLATION OF CAL. CIVIL CODE §1750 *et seq.*<br>(5) BREACH OF QUASI CONTRACT<br>(6) VIOLATION OF 18 U.S.C. § 1962(c)<br>(7) BREACH OF IMPLIED WARRANTY<br>(8) FRAUDULENT MISREPRESENTATION<br>(9) NEGLIGENT MISREPRESENTATION |

1

2 **INTRODUCTION**

3  1.      Plaintiff Min Sook Shin ("Plaintiff"), individually and on behalf of all others

4  similarly situated, brings this Class Action Complaint against Defendants Umeken

5  U.S.A., Inc. ("Defendant UMEKEN" or "Defendant"), Brian Han ("Defendant

6  HAN"), and on the basis of personal knowledge, information and belief, and

7  investigation of counsel, alleges as follows:

8  2.      This action deals with fifteen products by Defendant UMEKEN:

9  (1) C-Balance (Chewable), (2) Pomegranate Balls CoQ10, (3) β – Glucan Ball, (4)

10  Koso Ball EX – Enzyme, (5) Corbicula Extract Balls, (6) Plum Ball EX, (7)

11  Shouka Enzyme, (8) Nattokinase w/ Fucoidan, (9) Black Onion Tablets, (10) Black

12  Garlic EX, (11) Happy Berry, (12) Okinawa Zedoary, (13) Duo Action (Balls),

13  (14) Reishi Extract Balls, (15) Good Morning Red Ginseng (RG).  The products

14  (1) through (15) are herein referred "the UMEKEN'S Products."  Plaintiff bought

15  the products (1) and (2) from the Umeken Health Plaza in Buena Park, California.

16  This action covers ***"similar products"*** of (3)-(15) by Defendant under 21 U.S.C.

17  §343(a) providing that a "food shall be misbranded" if, inter alia, it contains a

18  "false or misleading label."  21 USC 331(a) prohibits the introduction or delivery

19  for introduction into interstate commerce of any food, drug, device, tobacco

product, or cosmetic that is adulterated or misbranded.

20  3.      "The UMEKEN'S Products" are dietary supplements that Defendant

21  manufactures, markets, and sells.  Defendant represents the UMEKEN'S Products

22  exterior packaging to be Dietary Supplement.

23  4.      Defendant labels the UMEKEN'S Products with prominent statement,

24  "Dietary Supplement," but, claims therapeutic effects to "diagnose, treat, cure or

25  prevent any disease," or, "to affect the structure or function of the body."

26  Consumers perceive the UMEKEN'S Products as "drugs."  The UMEKEN'S

27  Products are not approved as "drugs" for marketing in the United States.

28

**Therapeutic Claims on Defendant's Websites and Unapproved New Drugs**

5.    The claims made in Defendant's websites at www.umekenusa.com:

**Zakuro Balls Pomergranate Plus CoQ10** (www.umekenusa.com/pomegranate-balls-coq10-180g.html) (http://www.famousherbs.com/products/umeken-pomegranate-zakuro-balls-with-coq10-2-month-supply-180g.html)
(1) Recommended for women experiencing menopausal symptoms.
(2) Supports women health and their skin
(3) Middle-aged women can experience a decline of estrogen secretion, but now they can unlock the secret to beautiful skin and beautiful health - Umeken's Zakuro Balls.
(4) Women entering menopause, those who have skin troubles, constant fatigue, mood changes, and those experiencing menopausal symptoms, such as hot flashes, irregular menstruation, decrease in sexual appetite, and insomnia.

**C-Balance (Chewable)** (from www.umekenusa.com/c-balance-130g.html)
(1) Helps you maintain beautiful, firm skin, and helps reduce spots from your skin.
(2) Help aid reduce wrinkles.

**Beta Glucan Ball** (http://m.umekenusa.com/beta-glucan-ball.html)
(1) After 5 days of administrating beta glucan to patients of skin cancer, breast cancer, and liver cancer, it was observed in all patients that the size of tumors decreased and cancer cells were destroyed.
(2) Suppresses progression of diseases.
(3) Recovers immunity and assists anti-cancer activity.
(4) Improves high blood pressure and respiratory function.
(5) Improves immunity, anti-tumor effect.

(6) Excellent effectiveness on the 3 most common cancers among Koreans: stomach cancer, liver cancer, and lung cancer.

(7) Prevents cancer production and metastasis of cancer, anti-cancer/tumor activities.

(8) Anti-AIDS, anti-influenza virus, improves diabetes.

(9) A powerful adjuvant to anti-cancer activities.

(10) Natural antibiotic.

**Koso Ball EX – Enzyme** (http://www.umekenusa.com/koso-ball-ex-enzyme-370g.html? gclid=CMT5tsWD99ACFUSewAodRr8Ptg)

(1) Constipation relief.

(2) Helps to alleviate arthritis and lower back pain.

(3) Combat chronic fatigue.

(4) Helps lower diabetes level.

(5) Helps blood pressure to return to normal.

(6) Helps alleviate asthmatic problems.

(7) Improvement of atopy.

**Corbicula Extract Balls** (http://www.umekenusa.com/corbicula-extract-balls-180g.html)

(1) Improves liver functions and alleviates jaundice.

(2) Treats malignant anemia.

**Plum Ball EX** (http://www.umekenusa.com/plum-ball-ex.html)

(1) Prevents aging of the blood vessels, hardening of the arteries and blood clots.

(2) Neutralizes toxins in the blood, water, and food.

**Shouka Enzyme** (http://www.umekenusa.com/shouka-enzyme-digestive-enzyme-

4 (COMPLAINT)

packets.html)

(1) Constipation relief.

(2) Relief from shoulder discomfort and pain.

(3) Stomach and digestion improvements.

(4) Reduced blood sugar in urine.

(5) Regulation of blood pressure.

**Nattokinase w/ Fucoidan** (http://www.umekenusa.com/nattokinase-w-fucoidan.html)

People who can benefit from Nattokinase

(1) People who are worried about heart disease, hypertension, diabetes, cholesterol, strokes and other disorders.

(2) People with family medical history of cardio-vascular disorders

(3) People who are seeking possible quick recovery from accidents, including automobile accidents, etc.

**Black Onion Tablets** (http://www.umekenusa.com/black-onion-tablets-200g.html)

(1) Recommended for people who have high blood pressure, diabetes.

**Black Garlic EX** (http://www.umekenusa.com/black-garlic-balls-180g.html)

(1) Helping manage blood pressure and cholesterol.

(2) Working as a natural antibiotic and natural antioxidant

(3) Helping manage stress and anxiety level.

**Happy Berry** (http://www.umekenusa.com/happy-berry-180g.html)

(1) Prevention of cancer and diabetes.

(2) Promotes healthy skin and kidneys.

5 (COMPLAINT)

(3) Improve liver functions.

(4) Protect against night vision loss.

(5) Helps prevent diseases, aging, urinary tract infection.

(6) Protect the body from free radical damage.

**Okinawa Zedoary** (http://www.umekenusa.com/okinawa-zedoary.html)

Effective for many gastrointestinal symptoms such as abdominal distension, burping, diarrhea, gastrointestinal diseases, stomach pain, bad breath, etc.

**Duo Action (Balls)** (http://www.umekenusa.com/duo-action.html)

(1) Manage not only joint pains but muscle pains.

(2) Recommended for those with joint and muscle pain, arthritis, muscle strains, and physically active individuals.

**Reishi Extract Balls** (http://www.umekenusa.com/reishi-extract-balls.html)

(1) Works as a natural diuretic.

(2) Recommended for those who have digestive problems, and suffer from frequent coughing.

(3) Effective in regulating blood pressure.

**Good Morning Red Ginseng (RG)** (http://www.umekenusa.com/good-morning-red-ginseng-rg.html)

(1) Strengthens the immune system; supports fatigue recovery, blood circulation, and memory enhancement; has antioxidant effect.

(2) Inhibits harmful bacteria and improves colon health.

(3) Effective in preventing diabetes and dementia.

6.      These statements are false.  Even if these statements are assumed to be true, the statements are either actually misleading or have capacity, likelihood or tendency to deceive or confuse the public.  Defendants knew or by the exercise of reasonable care should have known at the time the statements were made, that they were untrue or misleading.   Plaintiff purchased the UMEKEN'S Products (1) and (2) in reliance on the statements.  Defendant's products are misbranded.  Plaintiff was misled as a result of the misbranding and suffered economic injury because she purchased the products she otherwise would not have.  Plaintiff purchased the products that are unlawfully marketed.

7.      Defendants' Product advertising is the subject of an extensive and comprehensive marketing campaign in various media, including the Internet.

8.      Plaintiff was exposed to and reviewed the advertisements and relied on them when deciding to purchase the UMEKEN'S Products (1) and (2) in Buena Park, California, in or around May 2016.

9.      She stopped taking it in around December 2016 because she did not think it was working as a drug.  Plaintiff paid $176 for the UMEKEN'S Product (1) and (2).

10.     The UMEKEN'S Products are unlawful new drugs because they purport to mitigate or cure diseases.  The Products are not approved as drugs.  Because the UMEKEN'S Products are unlawful new drugs, they are in violation of the California Sherman Law (Health & Safety Code §§ 109875, et seq.).

11.     The UMEKEN'S Products are falsely and deceptively advertised because they do not work for the uses as drugs described in the advertisements.  The Products are therefore worthless.  In purchasing the products that were falsely or deceptively advertised, Plaintiff suffered injury in fact in the form of the lost purchase price of the Products.  Like all reasonable consumers and members of the class, Plaintiff would not purchase the UMEKEN'S Products , if she knew they

were illegally marketed as new drugs for which the FDA has not determined its safety and efficacy.

12.    Defendant violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL"), California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA"), California's False Advertising Law, Cal. Civ. Code §17500 ("FAL"), by representing through advertising of the UMEKEN'S Products, when they knew, or should have known, the representations and advertisements were false or misleading.

13.    Plaintiff asserts that Defendant' fraud is not solely based on a lack of substantiation of Defendants' health claims, but rather on the fact that defendants knew or should have known that their claims are false based on the findings of numerous studies showing that the UMEKEN'S Products are ineffective for their stated purpose.

**NATURE OF THE ACTION**

14.    Defendant ensnared Plaintiff and thousands of other consumers-victims ("Class") in a fraudulent scheme nationwide to sell the UMEKEN'S Products. Plaintiff purchased the UMEKEN'S Products.  Defendant uniformly misled Plaintiff and the Class that they would buy the UMEKEN'S Products.

15.    Plaintiff brings this class action on behalf of himself and all other similarly situated consumers who purchased the UMEKEN'S Products asserting claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. ("UCL" or "§17200"); the Consumer Legal Remedies Act, Cal. Civ. Code §1750, *et seq*. ("CLRA"); the False Advertising Law, Cal. Bus & Prof. Code §17500, *et seq*. ("FAL" or "17500"); Breach of Quasi Contract; the Racketeer Influenced and Corrupt Organizations Act ("RICO Statute"), 18 U.S.C. § 1962(c).

16.    Plaintiff seeks damages and equitable relief on behalf of himself and the Class, which relief includes, but is not limited to, the following: their monetary

damages; restitution; refunding Plaintiff and class members the full amount paid for the UMEKEN'S Products; injunctive relief for an order enjoining Defendant from falsely marketing and advertising the UMEKEN'S Products; punitive damages; costs and expenses, including attorneys' and expert fees; interest; and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

**JURISDICTION AND VENUE**

17.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the RICO Statute, 18 U.S.C. § 1962.  This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiff and every Class Member, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class Members reside across the United States and are therefore diverse from Defendant.

18.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).  Plaintiff has filed affidavits showing that this action has been commenced in a proper county pursuant to Cal. Civ. Code §1780(d).

19.     This Court has personal jurisdiction over Defendants because it has significant minimum contacts with this State, and intentionally availed itself of the laws of California by transacting a substantial amount of business throughout the State and this District, including but not limited to, the promotion, marketing, advertising, and sale of the UMEKEN'S Products throughout California, and on the Internet to consumers located throughout California.

20.     Venue is proper under 18 U.S.C. § 1965(a), because Defendants are subject to personal jurisdiction in this District as alleged above.

**PARTIES**

21.     Plaintiff Min Sook Shin is a resident of the state of California.  Plaintiff
learned about the UMEKEN'S Products in 2015 when she saw advertisements
searched and found in Google, Amazon, and Defendant's websites and the
UMEKEN'S Products displayed in Defendant's store in Buena Park, California.
Plaintiff purchased the UMEKEN'S Product (1) and (2) in reliance on the
Defendant's misrepresentations.

22.     On information and belief, Defendant Umeken U.S.A., Inc. ("Defendant" or
"Defendant UMEKEN" or "UMEKEN") is a corporation with its principal place of
business at 13012 Moore St., Cerritos, CA 90703.  On information and belief,
Defendant Brian Han ("Defendant HAN") is the president and the CEO of
Defendant Umeken U.S.A., Inc.

23.     The true names and capacities, whether individual, corporate, associate, or
otherwise, of defendants sued herein as DOES 1 through 10 are unknown to
Plaintiff, who therefore sues the DOE defendants by such fictitious names.
Plaintiff will amend this complaint to show true names and capacities when they
have been ascertained.  Defendants will refer to Defendant UMEKEN, Defendant
HAN, and DOES 1 through 10.

**UNLAWFUL CONDUCTS**

24.     The Dietary Supplement Health and Education Act (DSHEA) defines dietary
supplements as a category of food.  However, there is one exception: if a dietary
supplement meets the definition of a drug, it is regulated as a drug.

25.     21 U.S.C. § 343 provides that a "food shall be deemed misbranded" if, *inter
alia,* it contains a "false or misleading label," § 343(a); if information required on
the label is "not prominently placed" on the label in comparison with other words,
§ 343(f); if it does not properly identify nutrition information, for example, serving

size, number of servings, calories, and certain nutrients, § 343(q); or if it contains improper "nutrition levels and health related claims," § 343(r) ("nutrient content claims").

26.     The misbranded products are in violation of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 343] and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101).

27.     21 U.S.C. 331(a) prohibits the introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded.

28.     No state or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce - "any requirement respecting any claim of the type described in section 343(r)(1) of this title, made in the label or labeling of food *that is not identical* to the requirement of section 343(r) of this title . . . ." (21 U.S.C. § 343-1(a) (5))

**CALIFORNIA SHERMAN LAWS**

29.     By manufacturing, advertising, distributing, and selling misbranded products, the UMEKEN Products, Defendant has violated California Health & Safety Code Sections 110660, 110670, 110705.  In addition, Defendant has violated the standards set by 21 U.S.C. § 343 and its implementing regulations found in Title 21, Code of Federal Regulations, Part 101 (21 CFR 101), all of which have been adopted by reference into the Sherman Law.

30.     California's Sherman Laws adopt the federal labeling requirements as the food labeling requirements of the state. Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state.").

(1) Any food is misbranded if its labeling is false or misleading in any particular, Cal. Health & Safety Code § 110660;

(2) Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling set forth in Section 403(q) (21 U.S.C. Sec. 343(q)) of the federal act and the regulations adopted pursuant thereto, id. § 110665;

(3) Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto, id. §110670;

(4) Any food is misbranded if any word, statement, or other information required to appear on the label or labeling is not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use, id. § 110705.

31.    California Health and Safety Code § 110395 states that: "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food ….. that is falsely advertised."

32.    California Health and Safety Code § 110398 states that: "It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded."

33.    California Health and Safety Code § 110390 states that: "It is unlawful for any person to disseminate any false advertisement or any food ….. An advertisement is false if it is false or misleading in any particular."

34.    California Health and Safety Code 110403 provides that: "it is unlawful for a person to advertise a drug or device represented to have an effect in any of the following conditions, disorders, or diseases:

(a) Appendicitis.

(b) Blood disorders.

(c) Bone or joint diseases.

(d) Kidney diseases or disorders.

(e) Cancer.

(f) Carbuncles.

(g) Diseases, disorders, or conditions of the eye.

(h) Diabetes.

(i) Diphtheria.

(j) Gallbladder diseases or disorders.

(k) Heart and vascular diseases.

(l) High blood pressure.

(m) Diseases or disorders of the ear or auditory apparatus, including hearing loss and deafness.

(n) Measles.

(o) Meningitis.

(p) Mental disease or intellectual disability.

(q) Paralysis.

(r) Pneumonia.

(s) Poliomyelitis.

(t) Prostate gland disorders.

(u) Conditions of the scalp, affecting hair loss, or baldness.

(v) Alcoholism.

(w) Periodontal diseases.

(x) Epilepsy.

(y) Goiter.

(z) Endocrine disorders.

(aa) Sexual impotence.

(ab) Sinus infections.

(ac) Encephalitis.

(ad) Tumors.

(ae) Venereal diseases.

(af) Tuberculosis.

(ag) Ulcers of the stomach.

(ah) Varicose ulcers.

(ai) Scarlet fever.

(aj) Typhoid fever.

(ak) Whooping cough.

(al) Acquired immunodeficiency syndrome (AIDS).

(am) AIDS-related complex (ARC).

(an) Diseases, disorders, or conditions of the immune system.


**Dietary Supplement with Truthful and Not Misleading Label**

35.     The UMEKEN'S Products are dietary supplements. 21 U.S.C. § 321(g)(d).
Dietary supplements are regulated under the Dietary Supplement Health and
Education Act of 1994 (DSHEA).  FDA approval is not required before producing

or selling a dietary supplement.  However, all health benefit claims on the product

package and label must be truthful and not misleading.  With regard to each of the

representations Defendant makes about dietary supplement, this means that

Defendant is required to make sure they are truthful and not misleading.

36.     All health benefit claims must be accompanied by the disclaimer stating that:

"These statements have not been evaluated by the Food and Drug Administration.

This product is not intended to diagnose, treat, cure or prevent any disease." 21

CFR 101.93(c).  The disclaimer must be placed adjacent to a health benefit

statement with no intervening material. *Id*. (d).  The disclaimer must appear in

boldface. *Id*. (e).

37.     In order to be truthful and not misleading, dietary supplement health benefit

claims must be substantiated by competent and reliable scientific evidence. 21

U.S.C. §321(r)(6)(b).

38.     If there is no competent and reliable evidence that dietary supplement

provides its benefits represented in its label and labeling, Defendant is selling a

dietary supplement in violation of federal law, DSHEA, and California's Sherman

Act.

39.     The claims of the UMEKEN'S Products may be considered to diagnose,

mitigate, treat, cure, or prevent disease, or to affect the structure or function of the

body, in the context in which they are presented.

40.     The UMEKEN'S Products are not generally recognized as safe and effective

for the above referenced uses and, therefore, these products are "new drugs" under

section 201(p) of the Act, 21 U.S.C. § 321(p).  New drugs may not be legally

marketed in the United States without prior approval from FDA as described in 21

U.S.C. § 355(a).  FDA approves a new drug on the basis of scientific data

submitted by a drug sponsor to demonstrate that the drug is safe and effective.

41.     The UMEKEN'S Products are offered for conditions that are not amenable

to self-diagnosis and treatment by individuals who are not medical practitioners;

therefore, adequate directions for use cannot be written so that a layperson can use these drugs safely for their intended purposes.  Therefore, the UMEKEN'S Products are also misbranded within the meaning of section 502(f)(1) of the Act, 21 U.S.C. § 352(f)(1), in that the labeling fails to bear adequate directions for use.  The introduction of a misbranded drug into interstate commerce is a violation of 21 U.S.C. § 331(a).

42.    As noted above, the Federal Food, Drug, and Cosmetic Act provides that a new drug may not be introduced or delivered for introduction into interstate commerce without prior approval, 21 U.S.C. § 355(a).  The UMEKEN'S Products are not approved as a drug for marketing in the United States, and are not exempt from this requirement pursuant to 21 U.S.C. § 355(i), which governs the use of investigational new drugs.

**Dietary Supplement Regulated As a Drug**

43.    The UMEKEN'S Products are labeled as dietary supplements.  21 U.S.C. § 321(ff)(1) defines "dietary ingredient" as a vitamin, mineral, amino acid, herb or other botanical, or dietary substance for use by man to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite, constituent, extract or combination of any dietary ingredient.

44.    Based on review of Defendant's websites at www.umekenusa.com, and www.amazon.com  in December 2016, the UMEKEN'S Products are being promoted for conditions that cause these products to be drugs under section 201(g)(1)(B) and (C) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §321(g)(1)(B) and (C).  The therapeutic claims on Defendant's websites are listed in paragraph 5 of this Complaint.  They establish that the UMEKEN'S Products are drugs because they are intended for use in the cure, mitigation, treatment, or prevention of disease, or in affecting the structure or function of the body.  The FDA's informal guidelines in *Wrinkle Treatments and Other Anti-Aging Products*

explain "if a product is intended to make lines and wrinkles less noticeable, simply by moisturizing the skin, it's a cosmetic" but "if a product is intended, for example, to remove wrinkles or increases the skin's production of collagen, it's a drug or a medical device."

45.     Under 21 U.S.C. §§ 331(d) and 355(a), a new drug may not be introduced or delivered for introduction into interstate commerce unless an FDA-approved application is in effect for it.  The UMEKEN'S Products are not approved as drugs for marketing in the United States, and are not exempt from this requirement pursuant to 21 U.S.C. § 355(i), which governs the use of investigational new drugs.

## Plaintiff's Reliance on Defendant's False and Misleading Presentations

46.     The reason a consumer would purchase the UMEKEN'S Products is to obtain the therapeutic benefits, which they do not provide.  Even if the UMEKEN'S Products are labeled as dietary supplements, Defendant's products have been introduced deceptively as drugs into interstate commerce.

47.     As a result of Defendant's deceptive and unlawful representations, consumers – including Plaintiff and members of the proposed Class – have purchased the UMEKEN'S Products that do not perform as advertised.

48.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive representations that the UMEKEN'S Products are drugs.  Plaintiff and the Class members have been damaged in their purchases of the UMEKEN'S Products.

49.     When purchasing the UMEKEN'S Products, Plaintiff sought products that were drugs.

50.     Plaintiff read and relied on the misleading statements regarding the UMEKEN'S Products in the websites.

51.     Based on this reliance, Plaintiff believed the UMEKEN'S Products had the aforementioned therapeutic qualities she sought.

52.     Plaintiff would not have purchased the UMEKEN'S Products absent the misrepresentations.  Instead of receiving UMEKEN'S products that had therapeutic effects, Plaintiff received products that were not therapeutic.

53.     In fact, Plaintiff bought the UMEKEN'S Products which were prohibited from introduction into commerce because they were misbranded.  Plaintiff suffered damages in an amount to equal to the amounts she paid for the UMEKEN'S Products she purchased.

54.     By engaging in false and misleading marketing, Defendant reaped, and continues to reap, increased sales and profits.

55.     Defendant knows that the qualities it markets are material to consumer's decision to purchase its UMEKEN'S Products.

56.     Defendant deliberately cultivated the misrepresentations through its marketing of the UMEKEN'S Products.

**RICO ALLEGATIONS**

**Defendant UMEKEN U.S.A., Inc.  Enterprise**

57.     On information and belief, Defendant Umeken U.S.A., Inc. is a corporation registered in California in July 1, 1999 as C2045380, with its principal place of business at Umeken U.S.A., Inc., 13012 Moore St., Cerritos, CA 90703.

58.     At all times relevant hereto, Defendant UMEKEN conducted substantial business throughout the State of California, including marketing, and advertising in Los Angeles County and Orange County of California.

59.     Defendant UMEKEN is an "enterprise" within the meaning of 18 U. S. C. § 1961(4), through which Defendant HAN conducted the pattern of racketeering activity described herein.

18 (COMPLAINT)

60.     Throughout its existence, Defendant UMEKEN engaged in, and its activities affected interstate commerce because it involved commercial activities across state lines, including national marketing campaigns of the UMEKEN'S Products.

61.     Defendant HAN exercised substantial control over the affairs of Defendant UMEKEN enterprise, through among other methods and means, the following: (a) Creating and approving marketing and advertising materials; (b) Regularly reviewing financial records; and (c) Negotiating and authorizing others to negotiate significant contracts, such as the sales agreement with consumers.

62.     Defendant HAN was a knowing and willing participant in the scheme, and reaped revenues and/or profits therefrom.

63.     Defendant UMEKEN enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which Defendant HAN has engaged. Defendant UMEKEN is separate and distinct from Defendant HAN.

**Pattern of Racketeering Activity**

64.     Defendant HAN, who is a person employed by Defendant UMEKEN enterprise, knowingly, willfully, and unlawfully conducted or participated, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1961(5) and 1962(c). The racketeering activity was made possible by the regular and repeated use of the facilities, services, distribution channels, and employees of Defendant UMEKEN.

65.     Defendant HAN committed multiple "Racketeering Acts," as described below, including aiding and abetting such acts.

66.     The Racketeering Acts were not isolated, but rather were related in that they had the same or similar purposes and results, participants, victims, and methods of commission.  Further, the Racketeering Acts were continuous, occurring on a regular (daily) basis throughout a time period beginning in mid-2012 and, upon information and belief, continuing through at least 2016.

67.    Defendant HAN participated in the operation and management of Defendant UMEKEN by directing its affairs, as the president and the CEO of Defendant UMEKEN.

68.    In devising and executing the Scheme, Defendant HAN and Defendant UMEKEN personnel committed acts constituting indictable offenses under 18 U.S.C. §§ 1341 and 1343, in that they devised and knowingly carried out a material scheme or artifice to defraud or to obtain money by means of materially false or fraudulent pretenses, representations, promises, or omissions of material facts.  For the purpose of executing the scheme, Defendants committed these Racketeering Acts, intentionally and knowingly, with the specific intent to advance the illegal scheme.

69.    Defendant used mails and interstate wire communications to create and perpetuate the scheme through virtually uniform misrepresentations, concealments and material omissions.  The false statements and concealments in paragraph 5 have been viewed by the readers of Defendant UMEKEN's website and other websites such as Google, and Amazon.

## CLASS ACTION ALLEGATIONS UNDER 18 U.S.C. § 1962(c)

70.    Plaintiff brings this class action on behalf of himself individually and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23.

71.    The proposed Class consists of all persons who purchased the UMEKEN'S Products from Defendant UMEKEN throughout the United States from December 1, 2012 to the present.  Excluded from the Class are Defendants UMEKEN and HAN, their affiliates, employees, officers and directors, persons or entities that distribute or sell the UMEKEN'S Products, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

72.     This action is properly brought as a class action for violation of the
Racketeer Influenced and Corrupt Organization Act ("RICO Statute") because:

(a) The proposed Class is so numerous and geographically dispersed throughout
the United States that the joinder of all Class Members is impracticable;

(b) The disposition of Plaintiff's and proposed Class Members' claims
in a class action will provide substantial benefits to both the parties and the Court;

(c) The proposed Class is ascertainable and there is a well-defined community of
interest in the questions of law or fact alleged herein since the rights of each
proposed Class Member were infringed or violated in the same fashion;

(d) There are questions of law and fact common to the proposed Class which
predominate over any questions that may affect particular Class Members.  Such
common questions of law and fact include but are not limited to:

(i) Whether Defendant HAN engaged in a fraudulent scheme;

(ii) Whether Defendant HAN violated 18 U.S.C. § 1962;

(iii) Whether Plaintiff and Class Members have been harmed and the proper
measure of relief;

(iv) Whether Plaintiff and Class Members are entitled to an award of treble,
punitive damages, attorneys' fees and expenses; and

(v) Whether, Plaintiff and Class Members are entitled to equitable relief, and if so,
the nature of such relief.

(e) Plaintiff's claims are typical of the claims of the members of the proposed
Class.  Plaintiff and Class Members have been injured by the same wrongful
practices of Defendants.  Plaintiff's claims arise from the same practices and
conduct that give rise to the claims of all Class Members and are based on the
same legal theories;

(f) Plaintiff will fairly and adequately protect the interests of the Class in that she
has no interests antagonistic to those of the other Class Members, and Plaintiff has

21 (COMPLAINT)

retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons: (i) Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions; (ii) This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; (iii) Without a class action, Class Members will continue to suffer damages, and Defendants' violations of law will proceed without remedy while Defendants continues to reap and retain the proceeds of their wrongful conduct; and (iv) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude class certification.

**CLASS ACTION ALLEGATIONS UNDER THE CALIFORNIA STATUTES**

73.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a proposed class defined as follows:

**The Injunctive Relief Class**.  All persons residing in the United States and its territories who purchased one or more of the UMEKEN'S Products for their own use, and not for resale, since March 1, 2013.  Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class; the Injunctive Relief Class does not seek any form of monetary relief.

74.    Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a proposed class (the "Monetary Relief Class") defined as follows:

**The Monetary Relief Class**. All persons residing in the United States and its territories who purchased one or more of the UMEKEN'S Products for their own use, and not for resale, since March 1, 2013.  Plaintiff asks the Court to adjudicate all remedies through Monetary Relief Class.

75.    Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action individually and on behalf of a proposed class (the "California Subclass") defined as follows:

**The California Subclass**.  All persons residing in the state of California who purchased one or more of the UMEKEN'S Products for their own use, and not for resale, since March 1, 2013.  Plaintiff asks the Court to adjudicate all remedies through the California Subclass.

76.    Collectively, the Injunctive Relief Class, the Monetary Relief Class, and the California Subclass are the "Class."

77.    This action is properly brought as a class action for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL"), California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA"), California's False Advertising Law, Cal. Civ. Code §17500 ("FAL"), and Breach of Quasi Contract, for the following reasons:

(a) the proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable.  While Plaintiff does not know the exact number and identity of all Class Members, Plaintiff is informed and believes that there are thousands. The precise number of Class Members can be ascertained through discovery; (b) the disposition of Plaintiff's and proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court; (c) the proposed Class is

ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in the same fashion; (d) there are questions of law and fact common to the proposed class which predominate over any questions that may affect particular Class Members. Such common questions of law and fact include, but are not limited to:

(1) Whether Defendant's conduct was unlawful, unfair or fraudulent;

(2) Whether Defendant's advertising and labeling is likely to deceive the public;

(3) Whether Defendant's conduct was false, misleading or likely to deceive;

(4) Whether Defendant violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("UCL");

(5) Whether Defendant violated California's Consumers Legal Remedies Act, Cal. Civ. Code §1750 ("CLRA");

(6) Whether Defendant violated California's False Advertising Law, Cal. Civ. Code §17500 ("FAL");

(7) Whether Defendant received purchase monies from Plaintiff and Class members that they unjustly received;

(8) Whether Plaintiff and Class Members have been harmed and the proper measure of relief;

(9) Whether Plaintiff and Class Members are entitled to an award of punitive damages, attorneys' fees and expenses against Defendant; and

(10) Whether, as a result of Defendant's misconduct, Plaintiff and Class Members are entitled to equitable relief, and if so, the nature of such relief;

(e) Plaintiff's claims are typical of the claims of the members of the proposed Class. Plaintiff and Class Members have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories;

24 (COMPLAINT)

(f) Plaintiff will fairly and adequately protect the interests of the Class in that she has no interests antagonistic to those of the other Class Members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(g) A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons: (i) Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions; (ii) This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; (iii) Without a class action, Class Members will continue to suffer damages, and Defendant's violations of law will proceed without remedy while Defendant continues to reap and retain the proceeds of their wrongful conduct; and (iv) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude class certification.

78.    Defendant and its agents had, or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the class action.

79.    Plaintiff seeks damages and equitable relief on behalf of the Class on grounds generally applicable to the entire proposed Class.

## THE SCHEME TO DEFRAUD AND MISLEAD CONSUMERS

80.    Plaintiff can assert the "who, what, when, where, and how" to satisfy Federal Rule of Civil Procedure 9(b).

*who*: Defendant UMEKEN U.S.A., Inc.

*what*: Plaintiff was defrauded or misled that the UMEKEN's Products are therapeutic drugs.

*when*: March 1, 2013 to the present;

*where*: the statements on the UMEKEN'S Products viewed from www.umekenusa.com and Amazon websites;

*how*: Plaintiff was defrauded because the UMEKEN'S Products are not approved drugs. The therapeutic statements are false and misleading because the UMEKEN'S Products are not drugs, and do not render the therapeutic effects. It is unlawful that Defendant introduced the UMEKEN'S Products into interstate commerce. Plaintiff was fraudulently induced to buy unmarketable foods, the UMEKEN'S Products.

## First Cause of Action

## Violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* Unlawful Conduct Prong
## (By Plaintiff Min Sook Shin, on Behalf of the California Subclass, against Defendant UMEKEN)

81.    Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

82.    California Business & Professions Code §17200 prohibits acts of unfair competition, which means and includes any "unlawful, unfair or fraudulent business act or practice" and any act prohibited by Cal. Bus. & Prof. Code §17500. Defendant violated Cal. Bus. & Prof. Code §17200's prohibition against engaging in an "*unlawful*" business act or practice by, *inter alia*, making the material misrepresentations regarding the UMEKEN'S Products as set forth more fully elsewhere in this Complaint; Civil Code §1750 *et seq.* (the CLRA); Cal. Bus. &

Prof. Code §17500 (false advertising); 21 U.S.C. § 331(a); California Health and Safety Code §§ 110390, 110395, 110398, 110403, 111440, 111445,111450, 110760, 110765, 110770, and 111550.

83.    Plaintiff and Class Members have suffered injury in fact and have lost money as a result of Defendant's unlawful, fraudulent and unfair business practices and are therefore entitled to the relief available under Cal. Bus. & Prof. Code §17200, *et seq.*

84.    Plaintiff brings this claim on behalf of the California Subclass for violation of the "unlawful" prong of California's Unfair Competition Law.

85.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as afore-alleged, constitute "unlawful" business acts and practices in that it violates the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and its implementing regulations.

86.    Defendant's conduct is further "unlawful" because it violates California's False Advertising Law, California Business and Professions Code § 17500 *et seq.*, and California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*, as discussed in the claims below.

87.    Defendant's conduct also violates California's Sherman Food, Drug, and Cosmetic Law, California Health and Safety Code § 109875 *et seq.*, as afore-alleged.

88.    Defendant's conduct also violates California Health and Safety Code §110395 providing: "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food . . . that is falsely advertised."

89.    Defendant's conduct also violates California Health and Safety Code §110398 providing: "It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded."

90.     Defendant's conduct also violates California Health and Safety Code §
110660 providing: "Any food is misbranded if its labeling is false or misleading in
any particular."

91.     Defendant's conduct of deception induces Plaintiff and the members of the
California Subclass to purchase the UMEKEN'S Products that were of lesser value
and quality than advertised and labeled.

92.     Defendant's deceptive advertising and labeling caused Plaintiff and the
members of the California Subclass to suffer injury in fact and to lose money.  Had
Plaintiff and the members of the California Subclass been aware of Defendant's
false and misleading advertising and labeling tactics, they would not have
purchased the UMEKEN'S Products.

93.     In accordance with California Business and Professions Code section 17203,
Plaintiff seeks an order enjoining Defendant from continuing to sell the
UMEKEN'S Products through unlawful, unfair, and/or fraudulent acts and
practices and to commence a corrective labeling and advertising campaign.

94.     Plaintiff also seeks an order for the disgorgement and restitution of all
monies from the sale of the UMEKEN'S Products that Defendant unjustly acquired
through acts of unlawful, unfair, and/or fraudulent competition.

**Second Cause of Action**

**Violation of California's Unfair Competition Law, California Business and**
**Professions Code § 17200 _et seq._ Unfair and Fraudulent Conduct Prongs**
**(By Plaintiff Min Sook Shin, on Behalf of the California Subclass, against**
**Defendant UMEKEN)**

95.     Plaintiff re-alleges and incorporates by reference the above allegations
contained in the paragraphs above as if fully set forth herein.

96.    Defendant violated Cal. Bus. & Prof. Code §17200's prohibition against engaging in a "*fraudulent*" business act or practice by disseminating, through common advertising, untrue statements about the UMEKEN'S Products.

97.    The foregoing conduct also constitutes "*unfair*" business acts and practices within the meaning of Cal. Bus. & Prof. Code §17200.  Defendant's practices offend public policy and are unethical, oppressive, unscrupulous and violate the laws stated.  Defendant's conduct caused and continues to cause substantial injury to Plaintiff and Class Members.

98.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute "fraudulent" business acts and practices, because Defendant's conduct is false and misleading to Plaintiff and the members of the California Subclass.

99.    Defendant's labeling and marketing of the UMEKEN'S Products is likely to deceive reasonable consumers about the therapeutic effects of the UMEKEN'S Products.

100.    Defendant either knew or reasonably should have known that the claims on the labels of the UMEKEN'S Products were likely to deceive reasonable consumers.

101.    In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to sell the UMEKEN'S Products through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising and labeling campaign.

102.    Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of the UMEKEN'S Products that were unjustly acquired through act of unlawful, unfair, and/or fraudulent competition.

## Third Cause of Action

## Violation of California's False Advertising Law, California Business and Professions Code § 17500 *et seq.*

## (By Plaintiff Min Sook Shin, on Behalf of the California Subclass, against Defendant UMEKEN)

103.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

104.   California Business & Professions Code §17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products and services such as the UMEKEN'S Products.

105.   Defendant disseminated, through common advertising, misleading statements about the UMEKEN'S Products and Defendant knew or should have known that the UMEKEN'S Products' label did not conform to the advertisements or representations regarding the UMEKEN'S Products.  Plaintiff and the Class relied upon the advertisements and misrepresentations to their detriment.

106.   As alleged herein, Defendant, in its labeling and advertising of the UMEKEN'S Products, makes misleading advertising claim, as it deceives consumers as to the therapeutic effects of the UMEKEN'S Products.

107.   In reliance on these false and misleading advertising claims, Plaintiff and the members of the California Subclass purchased and used the UMEKEN'S Products without the knowledge that the UMEKEN'S Products do not render the therapeutic effects as advertised in the websites.

108.   Defendant knew or should have known that the labeling and marketing of the UMEKEN'S Products was likely to deceive consumers.

109.   As a result, Plaintiff and the California Subclass members seek injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**Fourth Cause of Action**

**Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.***

**(By Plaintiff Min Sook Shin, on Behalf of the California Subclass, against Defendant UMEKEN)**

110.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

111.   This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, *et seq*.  Plaintiff is a consumer as defined by Cal. Civ. Code §1761(d).  Defendant's UMEKEN'S Products constitute "products" as defined by Cal. Civ. Code §1761(a) and (b).  At all times relevant hereto, Defendant constituted "persons" as that term is defined in Cal. Civ. Code §1761(c), and Plaintiff's and Class Members' purchases of the UMEKEN'S Products constitute "transactions," as that term is defined in Cal. Civ. Code §1761(e).

112.   Defendant violated and continues to violate the CLRA by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code §1770(a), in transactions with Plaintiff and Class Members that were intended to result or which resulted in the sale of the UMEKEN'S Products to consumers:

(a) In violation of Cal. Civ. Code §1770(a)(5), Defendant's acts and practices constitute misrepresentations that the UMEKEN'S Products in question have characteristics, benefits or uses which they do not have;

(b) In violation of Cal. Civ. Code §1770(a)(7), Defendant misrepresented

1  that the UMEKEN'S Products are of particular standard, quality and/or grade,

2  when they are of another; and

3  (c) In violation of Cal. Civ. Code §1770(a)(9), Defendant advertised the

4  UMEKEN'S Products with the intent not to sell them as advertised or represented.

5  (d) In violation of Cal. Civ. Code §1770(a)(16), Defendant represented that "the

6  subject of a transaction has been supplied in accordance with a previous

7  representation when it has not."

8  113.    Defendant's representations were false, deceptive, and/or misleading and in

9  violation of the CLRA.

10  114.    In addition, pursuant to Civil Code §1780(a)(2), Plaintiff is entitled to, and

11  therefore seek, a Court order enjoining the above-described wrongful acts and

12  practices that violate Cal. Civ. Code §1770:

13  (1) enjoining Defendant from continuing to engage in the deceptive practices

14  described above;

15  (2) requiring Defendant to provide public notice of the true nature of the

16  UMEKEN'S Products; and

17  (3) enjoining Defendant from such deceptive business practices in the future.

18  115.    Plaintiff and the Class are also entitled to recover attorneys' fees, costs,

19  expenses and disbursements pursuant to Cal. Civ. Code §§1780 and 1781.

20  116.    Pursuant to section 1782 of the CLRA, Plaintiff is hereby notifying

21  Defendant in writing of its particular violations of section 1770 of the CLRA and is

22  demanding, among other actions, that Defendant cease marketing the UMEKEN'S

23  Products as set forth in detail above and correct, repair, replace, or otherwise

24  rectify the UMEKEN'S Products that are in violation of section 1770 as set forth in

25  detail above. (Exhibit 1.)  If Defendant fails to respond to Plaintiff's demand

26  within 30 days of this notice, pursuant to section 1782 of the CLRA, Plaintiff will

  amend this Class Action Complaint to request, in addition to the above relief,

27

28

statutory damages, actual damages, punitive damages, interest, and attorneys' fees, pursuant to sections 1780 and 1781.

### Fifth Cause of Action
### Breach of Quasi Contract
### (By Plaintiff Min Sook Shin, on Behalf of the Class, against Defendant UMEKEN)

117.   Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

118.   Plaintiff brings this claim for unjust enrichment on behalf of the Class.

119.   As a direct and proximate result of Defendant's acts set forth herein, Defendant has been unjustly enriched.

120.   As a result of Defendant's deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales of the UMEKEN'S Products, Defendant unjustly enriched itself at the expense of Plaintiff and the Class members, through Plaintiff's and the Class members' payment of the purchase price for the products.

121.   Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiff and the Class members, in light of the fact that the UMEKEN'S Products that Plaintiff and the Class members purchased were not what Defendant purported them to be. Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiff and the Class members for the monies paid to Defendant for the UMEKEN'S Products.

122.   Plaintiff and the Class members seek restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and compensation Defendant obtained from its improper conduct alleged herein.

## Sixth Cause of Action

## Violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)

## (By Plaintiff Min Sook Shin, on Behalf of the Class, against Defendant HAN)

123.    Plaintiff re-alleges and incorporates by reference the above allegations contained in the paragraphs above as if fully set forth herein.

124.    This claim arises under 18 U.S.C. § 1962(c), which provides in relevant part: (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

125.    At all relevant times, Defendant HAN was a "person" within the meaning of 18 U.S.C. §1961(3), because she was "capable of holding a legal or beneficial interest in property." Defendant HAN was employed by Defendant UMEKEN enterprise and conducted and participated in that enterprise's affairs through a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(5), consisting of numerous and repeated uses of the mails and interstate wire communications to execute a scheme to defraud in violation of 18 U.S.C. § 1962(c).

126.    Defendant UMEKEN was created and/or used as a tool to carry out the scheme and pattern of racketeering activity.

127.    Defendant HAN has committed or aided and abetted the commission of at least two acts of racketeering activity, i.e., indictable violations of 18 U.S.C. §§ 1341 and 1343, within the past ten years.  The multiple acts of racketeering activity that he committed and/or conspired to, or aided and abetted in the commission of, were related to each other, pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity."

128.   Defendant HAN's predicate acts of racketeering within the meaning of 18 U.S.C. §1961(1) include, but are not limited to: (a) Mail Fraud: Defendant HAN violated 18 U.S.C. § 1341, by sending or receiving, or causing to be sent or received, materials via U.S. mail or commercial interstate carriers for the purpose of executing the Scheme, which amount to a material scheme to defraud and obtain money on false pretenses, misrepresentations, promises, and/or omissions; and (b) Wire Fraud: Defendant HAN violated 18 U.S.C. § 1343, by transmitting and receiving, or causing to be transmitted or received, materials by wire for the purpose of executing the Scheme, which amounts to a material scheme to defraud and obtain money on false pretenses, misrepresentations, promises, and/or omissions, listed in paragraph 5.

129.   Defendant HAN knowingly and intentionally made these misrepresentations, acts of concealment and failures to disclose.  Defendant HAN either knew or recklessly disregarded that these were material misrepresentations and omissions.

130.   Defendants HAN and UMEKEN obtained money and property belonging to Plaintiff and the Class as a result of these violations.  Plaintiff and other Class Members have been injured in their business or property by Defendant HAN's overt acts of mail and wire fraud.

131.   Plaintiff and the Class have been injured in their property by reason of Defendant HAN's violations of 18 U.S.C. § 1962, including the price paid for the UMEKEN'S Products which collectively amount to millions of dollars, plus interest and late fees incurred on their credit cards.  In the absence of Defendant HAN's violations of 18 U.S.C. § 1962, Plaintiff and the Class would not have incurred these losses.

132.   Plaintiff and the Class's injuries were directly and proximately caused by Defendant HAN's racketeering activity.

133.   Defendant HAN knew and intended that Plaintiff and the Class would rely on the scheme's fraudulent representations and omissions listed in paragraph 5.

Defendant HAN knew and intended Plaintiff and the Class would buy the
UMEKEN'S Products as a result of same.

134.    Under the provisions of 18 U.S.C. § 1964(c), Plaintiff is entitled to bring this
action and to recover their treble damages, the costs of bringing this suit and
reasonable attorneys' fees.

135.    Defendant HAN is accordingly liable to Plaintiff and the Class for three
times their actual damages as proved at trial plus interest and attorneys' fees.

### **Seventh Cause of Action for Breach of Implied Warranty in Violation of**
### **Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et seq.**
### **(By Plaintiff Min Sook Shin, on Behalf of the Class, against Defendant**
### **UMEKEN)**

136.    Plaintiff re-alleges and incorporates by reference the allegations contained in
the paragraphs above as if fully set forth herein.

137.    Defendant promoted the UMEKEN'S Products as drugs producing
therapeutic effects on various diseases in order to stimulate consumers, including
Plaintiff and members of the Classes, into purchasing the UMEKEN'S Products.
Defendant promotes its products through advertising. (15 U.S.C. § 2301(5).)

138.    Plaintiff and members of the Classes purchased the UMEKEN'S Products as
a result of Defendant's promotional statements, including their advertising.

139.    The UMEKEN'S Products are not fit or suitable for the purposes intended.

140.    Defendant has breached an implied warranty of fitness and merchantability.
(15 U.S.C. § 2301(6); 15 U.S.C. § 2301(7); 15 U.S.C. § 2310(c)(2).)

141.    As a result of the foregoing, Plaintiff and the Classes have been injured.

142.    The conduct of Defendant was an intentional misrepresentation, deceit, or
concealment of a material fact known to Defendant with the intention on the part
of Defendant of thereby depriving Plaintiff and members of the Classes of property

1  or legal rights causing injury.  Defendant's conduct constitutes despicable conduct

2  which was carried on by Defendant with a willful and conscious disregard of the

3  rights or safety of others and otherwise subjected Plaintiff and members of the

4  Classes to a cruel and unjust hardship in conscious disregard of the rights of

5  Plaintiff and members of the Classes, so as to justify an award of exemplary or

6  punitive damages.

7  143.   Plaintiff and the Classes are entitled to damages and other legal or equitable

8  relief the Court deems appropriate.

9  144.   Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting

10  these actions against Defendants under 15 U.S.C. § 2310(d) and California's Code

11  of Civil Procedure § 1021.5 and other applicable law in part because:

12  (a) a successful outcome in these actions will result in the enforcement of

13  important rights affecting the public interest by maintaining the integrity of

14  representations made concerning the UMEKEN'S Products;

15  (b) these actions will result in a significant benefit to the general public by bringing

16  to a halt unlawful, unfair, deceptive, and misleading activity and by causing the

17  return of ill-gotten gains obtained by Defendant;

18  (c) unless these actions are prosecuted, members of the general public will not

19  recover those monies, and many consumers would not be aware that they were

20  victimized by Defendant's wrongful acts and practices;

21  (d) unless these actions are prosecuted, Defendants will continue to mislead

22  consumers about the true nature of the UMEKEN'S Products; and

23  (e) an award of attorneys' fees and costs is necessary for the prosecution of these

24  actions and will result in a benefit to each members of the Classes, and consumers

25  in general.

26

27

28

37 (COMPLAINT)

## Eighth Cause of Action for Fraudulent Misrepresentation

## (By Plaintiff Min Sook Shin, on Behalf of the Class, against Defendant UMEKEN)

145.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

146.    As heretofore alleged, Defendant made representations to Plaintiff and the Classes in advertising the UMEKEN'S Products, that its products provide the therapeutic effects.  Defendant made representations described in paragraph 5.  The "who, what, when, where, and how" to satisfy Federal Rule of Civil Procedure 9(b) are given in paragraph 80 above.

147.    As heretofore alleged, the representations made by Defendant were in fact false.

148.    When Defendant made these misrepresentations, it knew them to be false and made these misrepresentations with the intention to deceive and defraud Plaintiff and members of the Classes and to induce Plaintiff and members of the Classes to act in reliance on these misrepresentations in the manner heretofore and hereafter alleged, or with the expectation that Plaintiff and members of the Classes would so act.  Plaintiff and members of the Classes, at the time these representations were made by Defendant, were ignorant of the falsity of Defendant's representations and believed them to be true.   In reliance on these representations, Plaintiff and members of the Classes were induced to and did purchase the UMEKEN'S Products.  Plaintiff's reliance on Defendant's representations was reasonable in light of the knowledge and experience of Plaintiff and members of the Classes.

149.    As a proximate result of the fraudulent conduct of Defendant in this complaint, Plaintiff and members of the Classes were induced to spend money in the purchase of the UMEKEN'S Products without knowing the true nature of the therapeutic effects of the UMEKEN'S Products.

150.    As a consequence of Defendant's fraudulent misrepresentations, Plaintiff
and the members of the Classes have been injured and are entitled to damages.

151.    The conduct of Defendant was an intentional misrepresentation, deceit, or
concealment of a material fact known to Defendant with the intention on the part
of Defendant of thereby depriving Plaintiff and members of the Classes of property
or legal rights causing injury.  Defendant's conduct constitutes despicable conduct
which was carried on by Defendant with a willful and conscious disregard of the
rights or safety of others and otherwise subjected Plaintiff and members of the
Classes to a cruel and unjust hardship in conscious disregard of the rights of
Plaintiff and members of the Classes, so as to justify an award of exemplary or
punitive damages.

152.    Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting
these actions against Defendant under California's Code of Civil Procedure §
1021.5 and other applicable law in part because:

(a) a successful outcome in these actions will result in the enforcement of
important rights affecting the public interest by maintaining the integrity of
representations made concerning the UMEKEN'S Products;

(b) these actions will result in a significant benefit to the general public by bringing
to a halt unlawful, unfair, deceptive, and misleading activity and by causing the
return of ill-gotten gains obtained by Defendant;

(c) unless these actions are prosecuted, members of the general public will not
recover those monies, and many consumers would not be aware that they were
victimized by Defendant's wrongful acts and practices;

(d) unless these actions are prosecuted, Defendant will continue to mislead
consumers about the true nature of the therapeutic effects of the UMEKEN'S
Products; and

39 (COMPLAINT)

1    (e) an award of attorneys' fees and costs is necessary for the prosecution of these
2    actions and will result in a benefit to each members of the Classes, and consumers
3    in general.

4

5             **Ninth Cause of Action for Negligent Misrepresentation**
6    **(By Plaintiff Min Sook Shin, on Behalf of the Class, against Defendant**
7                              **UMEKEN)**

8    153.   Plaintiff re-alleges and incorporates by reference the allegations contained in
9    the paragraphs above as if fully set forth herein.

10   154.   As heretofore alleged, Defendant made representations to Plaintiff and the
11   Classes in advertising the UMEKEN'S Products that its products provide the
12   therapeutic effects described in paragraph 5. The "who, what, when, where, and
13   how" to satisfy Federal Rule of Civil Procedure 9(b) are given in paragraph 80
14   above.

15   155.   As heretofore alleged, the representations made by Defendant were in fact
16   false. The true facts as heretofore alleged were, inter alia, that the UMEKEN'S
17   Products do not render the therapeutic effects.

18   156.   When Defendant made these misrepresentations, Defendant had no
19   reasonable ground for believing them to be true as set forth herein.

20   157.   Defendant made these representations with the intention of inducing Plaintiff
21   and members of the Classes to act in reliance on these representations in the
22   manner hereafter alleged, or with the expectation that they would so act.

23   158.   Plaintiff and members of the Classes, at the time these representations were
24   made by Defendant, were ignorant of the falsity of Defendant's representations and
25   believed them to be true.  In reliance on these representations, Plaintiff and
26   members of the Classes were induced to and did purchase the UMEKEN'S
27   Products. Plaintiff's reliance on Defendant's representations was reasonable in
     light of the knowledge and experience of Plaintiff and members of the Classes.
28

159.   As a proximate result of the fraudulent conduct of Defendant, Plaintiff and members of the Classes were induced to spend money in the purchase of the UMEKEN'S Products without knowing the true nature of the therapeutic effects.

160.   As a consequence of Defendant's fraudulent misrepresentations, Plaintiff and the members of the Classes have been injured and are entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendants that:

1.     This action be certified and maintained as a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and certify the proposed Class as defined, appointing Plaintiff as representatives of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

2.     Awards compensatory, statutory and/or punitive damages, and treble.

3.     Awards Plaintiff and Class Members the costs of this action, including reasonable attorneys' fees and expenses and expert fees;

4.     Orders Defendant to immediately cease its wrongful conduct as set forth above; enjoins Defendant from continuing to falsely market and advertise, conceal material information, and conduct business via the unlawful and unfair business acts and practices complained of herein; orders Defendant to engage in a corrective notice campaign, and requires Defendant to reimburse to Plaintiff and all Class Members the purchase price paid for the UMEKEN'S Products;

5.     Awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendant's ill-gotten gains, to ensure that Plaintiff and Class Members have an effective remedy;

6.     Awards pre-judgment and post-judgment interest at the legal rate; and

7.      Such further legal and equitable relief as this Court may deem just and proper.

**JURY TRIAL REQUESTED**

        Plaintiff demands a trial by jury on all issues so triable.

DATED: February 22, 2017              LAW OFFICE OF JUAN HONG

                                      /s/ Juan Hong
                                      JUAN HONG
                                      4199 Campus Drive Suite 550
                                      Irvine, CA 92612
                                      Telephone: (949) 509-6505
                                      Fax: (949) 335-6647

**DECLARATION OF MIN SOOK SHIN PURSUANT TO CALIFORNIA**

**CIVIL CODE § 1780(d)**


I, MIN SOOK SHIN, declare as follows:

1.     I am Plaintiff in the above-entitled action.

2.     Plaintiff purchased the UMEKEN'S Product in Fullerton, California.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of February, 2017, at Fullerton, California.


DATED: February 21, 2017                    _____
                                            MIN SOOK SHIN

EXHIBIT  1

Juan Hong, A Law Corp, Law Office of Juan Hong
4199 Campus Drive Suite 550, Irvine, CA 92612
Telephone: (949) 509-6505, Fax: (949) 335-6647

February 21, 2017

**VIA CERTIFIED MAIL (Return Receipt Requested)**

UMEKEN U.S.A., Inc.
13012 Moore St.
Cerritos, CA 90703

RE: *Min Sook Shin v. UMEKEN U.S.A., Inc.*

Dear UMEKEN U.S.A., Inc.:

Our law firm represents Min Sook Shin and all other consumers similarly situated in an action against UMEKEN U.S.A., Inc. ("Defendant") arising out of, *inter alia*, misrepresentations by Defendant to consumers.

Plaintiff's claim is essentially that, Defendant labels the UMEKEN'S Products with prominent statement, "Dietary Supplement," but, claims therapeutic effects to "diagnose, treat, cure or prevent any disease," or, "to affect the structure or function of the body." Consumers perceive the UMEKEN'S Products as "drugs." The UMEKEN'S Products are not approved as "drugs" for marketing in the United States. Plaintiff was misled as a result of the misbranding and suffered economic injury because she purchased the products she otherwise would not have. Plaintiff Min Sook Shin and others similarly situated purchase the UMEKEN Products unaware that they are not drugs.

Defendant's representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendant with the intent to induce the consuming public to purchase the UMEKEN Products.

Defendant violated and continues to violate the Consumers Legal Remedies Act (CLRA) by engaging in the following deceptive practices specifically proscribed by Cal. Civ. Code §1770(a), in transactions with Plaintiff and Class Members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a) In violation of Cal. Civ. Code §1770(a)(5), Defendant's acts and practices constitute misrepresentations that the UMEKEN Products have characteristics, benefits or uses which they do not have;

1

(b) In violation of Cal. Civ. Code §1770(a)(7), Defendant misrepresented that the UMEKEN Products are of particular standard, quality and/or grade, when they are of another; and

(c) In violation of Cal. Civ. Code §1770(a)(9), Defendant advertised the UMEKEN Products with the intent not to sell them as advertised or represented.

(d) In violation of Cal. Civ. Code §1770(a)(16), Defendant represented that "the subject of a transaction has been supplied in accordance with a previous representation when it has not."

Defendant's representations also constitute violations of California Business and Professions Code § 17200, *et seq*.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendant immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Defendant should offer to refund the purchase price to all consumer purchasers of the UMEKEN Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code § 1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendant address these violations immediately.

Defendant must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

(1)     Identify or make a reasonable attempt to identify purchasers of the UMEKEN Products for the three years prior to February 21, 2017;

(2)     Notify all such purchasers so identified that upon their request, Defendant will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the UMEKEN Products, plus interest, costs fees, by mailing them a notice via certified mail. Provide this office with proof that you delivered the notice to everyone referenced;

(3)     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the UMEKEN Products purchasers who so request; and

(4)     Cease from representing to consumers that UMEKEN Products provides the benefits described in the aforementioned Defendant's labels, when there is no

reasonable basis for so claiming, as more fully described in the enclosed
Complaint.

We await your response.

Sincerely yours,
/s/ Juan Hong
Juan Hong
LAW OFFICE OF JUAN HONG
4199 Campus Drive Suite 550
Irvine, CA 92612

Enclosures